UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
X

ARNALDO ROMAN,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. Leonard Colasuonno
and SGT.  JOHN DOE #1, individually and in their official
capacities,   (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                               Defendants.

-----------------------------------------------------------------------
X

**COMPLAINT**

07 Civ 7442 (LTS)

**JURY TRIAL DEMANDED**

Plaintiff ARNALDO ROMAN, by his attorney, David B. Rankin, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Arnaldo Roman is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants SGT. JOHN DOE, a Caucasian male whose name is unknown at this time, P.O. Leonard Colasuonno, Shield No. 27508 both of the 14th Precinct.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.    On April 9, 2006, at approximately 10:19 p.m., Arnaldo Roman was lawfully present in the vicinity of West 44th St. and Broadway, in the County, City and State of New York.

14. At the time of the incident, Mr. Roman was working for Pedal Pushers, Ltd., operating a seven (7) person quadricycle, commonly known a "Party Bike."  Mr. Roman stopped the vehicle to allow his passengers to disembark and take on new passengers.  At this point, an officer stopped Mr. Roman and asked for identification.  Mr. Roman gave this officer his wallet and passport.   The officer then told Mr. Roman he was <u>being arrested on a warrant</u>.  Mr. Roman was brought to the precinct where a second officer, not present for the arrest, instructed the arresting officer to charge Mr. Roman with Obstruction of Governmental Administration.  Mr. Roman was in fact charged with Disorderly Conduct §240.20(5), blocking traffic.

15. Subsequent to the incident, Mr. Roman suffered from severe stress as a result of the emotionally traumatic false arrest described herein.

16. Prior to the events at issue in this case, Mr. Roman had never been arrested.

17. At aforesaid time and place, plaintiff ARNALDO ROMAN was arrested by Defendants.

18. Defendants placed plaintiff ARNALDO ROMAN under arrest despite defendants' knowledge that they lacked probable cause to do so.

19. Defendants then transported plaintiff ARNALDO ROMAN to the 14th Precinct of the

New York City Police Department, in Manhattan, New York, and from there Manhattan Central Booking.

20. Plaintiff ARNALDO ROMAN was held and detained in police custody for approximately forty-eight hours.

21. Defendants initiated criminal proceedings against plaintiff ARNALDO ROMAN, despite defendants' knowledge that they lacked probable cause to do so.

22. During the period between April 9, 2006 and September 26, 2006 plaintiff ARNALDO ROMAN was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

23. On or about September 26, 2006, all charges against plaintiff ARNALDO ROMAN were dismissed.

24. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff ARNALDO ROMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants

Page 4 of 9

in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and / or the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiff ARNALDO ROMAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants did not make a complete and full statement of facts to the District

Attorney.

36. Defendants withheld exculpatory evidence from the District Attorney.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ARNALDO ROMAN.

38. Defendants lacked probable cause to initiate criminal proceedings against plaintiff ARNALDO ROMAN.

39. Defendants acted with malice in initiating criminal proceedings against plaintiff ARNALDO ROMAN.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ARNALDO ROMAN.

41. Defendants lacked probable cause to continue criminal proceedings against plaintiff ARNALDO ROMAN.

42. Defendants acted with malice in continuing criminal proceedings against plaintiff ARNALDO ROMAN.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding

44. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ARNALDO ROMAN's favor on or about September 26, 2006, when all charges against plaintiff were dismissed.

### FOURTH CLAIM FOR RELIEF
### <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants issued legal process to place plaintiff ARNALDO ROMAN under arrest.

47. Defendants arrested plaintiff ARNALDO ROMAN in order to obtain a collateral objective outside the legitimate ends of the legal process.

48. Defendants acted with intent to do harm to plaintiff ARNALDO ROMAN without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

52. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

$    **Sherwin McCarthy v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6442;

$    **Jaytee Spurgeon v. City of New York,** United States District Court, Eastern District of New York, 03 CV 3932;

$    **Dwayne Black v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2454;

$    **Darryl Carter v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 1934;

$    **Rogers Jackson, Jr. v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 0271;

$    **Alfred Huger v. City of New York,** United States District Court, Southern District of New York, 04 Civ. 4463.

53. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ARNALDO ROMAN.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ARNALDO ROMAN as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ARNALDO ROMAN as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ARNALDO ROMAN was unlawfully arrested and prosecuted.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ARNALDO ROMAN's constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff ARNALDO ROMAN of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

        B.        To be free from seizure and arrest not based upon probable cause;

        C.        To be free from unwarranted and malicious criminal prosecution;

        D.        To be free from malicious abuse of process;

        E.        Not to have excessive force imposed upon him;

        F.        Not to have cruel and unusual punishment imposed upon him; and

        G.        To receive equal protection under the law.

60. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ARNALDO ROMAN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated:        New York, New York
                 August 14, 2007


                                      Respectfully Submitted


                          By:_____
                           David B. Rankin (DR 0863)
                           *Attorney for Plaintiff*
                           350 Broadway, Suite 700
                           New York, NY 10013
                           (212) 226-4507