UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARNALDO ROMAN,

                                        Plaintiff,      **ANSWER TO COMPLAINT**

      -against-

CITY OF NEW YORK, P.O. Leonard Colasuonno and     **07 CV 7442 (LTS)**
SGT. JOHN DOE #1, individually and in their official
capacities, (the names John and Jane Doe being fictiious, as     **Jury Trial Demanded**
the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------ x

        Defendant City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Paragraph "5" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

---

[1] According to the dockets sheet, defendant Officer Colasuonno has not been served with process.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the complaint as they pertain to unidentified defendants, except admit that Officer Colasuonno was assigned to the 14th precinct.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint set forth legal conclusions to which no response is required.

11. Defendants state that the allegations set forth in paragraph "11" of the complaint set forth legal conclusions to which no response is required.

12. Defendants state that the allegations set forth in paragraph "12" of the complaint set forth legal conclusions to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admit that on April 9, 2006 plaintiff was arrested.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was transported to the 14th precinct.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admit that on September 26, 2006, the charges against plaintiff were dismissed for speedy trial provisions.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "30" inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, 'defendants repeat and reallege the responses set forth in paragraphs "1" to "33" inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "44" inclusive of this answer, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "48" inclusive of this answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint and all its subparts.

60. Denies the allegations set forth in paragraph "60" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

61. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

62. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

63. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

64. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

- 6 -

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

65.     Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

66.     Plaintiff provoked any incident.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

67.     Punitive damages cannot be recovered against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

68.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

69.     There was probable cause for plaintiff's arrest, detention, and criminal prosecution.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          November 12, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants City of New York
                              100 Church Street, Room 3-180
                              New York, New York 10007
                              (212) 788-1029

By:    _____/s/_____
       JENNIFER L. RUBIN (JR 7938)
       Assistant Corporation Counsel

To:    David B. Rankin, Esq. (By ECF)
       350 Broadway, Suite 700
       New York, New York 10013